# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WESLEY GILL,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 1:13-cv-578 |
| - vs - |  | District Judge Michael R. Barrett |
|  |  | Magistrate Judge Michael R. Merz |
| WARDEN, Southern Ohio |  |  |
| Correctional Facility, |  |  |
|  | : |  |
| Respondent. |  |  |

# REPORT AND RECOMMENDATIONS

Petitioner Wesley Gill brought this habeas corpus action under 28 U.S.C. § 2254 *pro se* to obtain relief from his conviction on counts of manslaughter, robbery, kidnapping, and having weapons under disability in the Hamilton County Court of Common Pleas. He pleads the following grounds for relief:

> **Ground One**: Crim. 11 violation due process.
>
> **Supporting Facts**: Crim. 11 guarantees the rules and rights and consequences of takeing [sic] a guilty-plea be exsplained[sic] by the judge orally before sentencing makeing [sic] it impossible for the plea to be intelligent, knowing, [and] voluntary!
>
> **Ground Two:** Motion to Withdraw 32.1 with the trail [sic] court, appealed decision to the appeal court, forward it to the Supreme Court.
>
> **Supporting Facts:** I made statements on record: quote I'm innocent and only reason I'm takeing [sic] plea is because this laywer [sic] won't do nothing I say and these people keep coming to court lying on me and I want to appeal … the judge should of withdraw [sic] the whole plea!

1

**Ground Three:**  [Incompetent to Plead]

**Supporting Facts:**  Under duress of syc. drug (Haldol) and (trilafon) played a roll [sic] in my competence and decesion [sic] makeing [sic] doring [sic] the plea process put the whole . . . competence . . . of intelligent, knowing, and voluntary in question.

**Ground Four:**  [Allied Offenses of Similar Import]

**Supporting Facts:**  Improper sentencing to multiple gun specs. Allied offense argument.  Argued together.  Plea of guilty not affective [sic] when it's not made literly [sic] by defendant to each count.  PRC [post-release control] invalidated sentence.

(Petition, Doc. No. 1.)

On Magistrate Judge Litkovitz's Order (Doc. No. 4), the Warden has filed a Return of

Writ (Doc. No. 10) and Gill has filed a Reply (Doc. No. 11).

The record filed by the Warden shows that the Petition is barred by the statute of

limitations.  28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Gill was indicted on September 14, 2007.  On March 11, 2008, he pled guilty pursuant to a plea bargain negotiated by his counsel.  On March 28, 2008, he appealed to the First District Court of Appeals which affirmed the conviction and sentence on December 10, 2008.  Because Gill did not appeal to the Ohio Supreme Court, his conviction became final on direct review forty-five days later when his time to appeal expired on January 26, 2009.  Gill filed nothing with the Ohio courts by way of collateral attack on the judgment until September 19, 2011, long after the statute of limitations had expired on January 27, 2010.  The proper filing of a collateral attack tolls the statute of limitations under 28 U.S.C. § 2244(d)(2), but does not revive it if it has already expired.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

Gill did not file his Petition in this Court until August 21, 2013, more than three and one-half years after the statute of limitations expired.  The Petition should therefore be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Aug 5 2014 4:09 PM



X

Michael R. Merz

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).