# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WESLEY GILL,

                Petitioner,      :      Case No. 1:13-cv-578

      - vs -                                District Judge Michael R. Barrett
                                              Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
  Correctional Facility,

                                           :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 23) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 15).  Judge Barrett has recommitted the case for reconsideration in light of the Objections (Doc. No. 24).

The Report recommended that the Petition be dismissed with prejudice as barred by the statute of limitations in 28 U.S.C. § 2244.  The Report found Gill's convictions for manslaughter, robbery, kidnapping, and having weapons under disability became final on direct review on January 26, 2009, the last date on which he could have appealed to the Ohio Supreme Court from the First District Court of Appeals (Report, Doc. No. 15, PageID 319).  Therefore the one-year statute of limitations expired January 27, 2010.  For a state prisoner who does not seek review in a State's highest court, the conviction becomes final on the last day when such review could have been sought.  *Gonzalez v. Thaler*, 565 U.S. ___, 132 S. Ct. 641 (2012).

Gill filed nothing by way of collateral attack in the Ohio courts until September 19, 2011, nineteen months after the statute expired.

1

In his Objections, Gill states all of his habeas corpus claims stem from his motion to withdraw his guilty plea (Doc. No. 23, PageID 347). He acknowledges that he pled guilty on March 11, 2008, and asks this Court to review his protestations of innocence at sentencing. *Id.* The Transcript of the guilty plea proceedings was filed with the Return of Writ (Doc. No. 10-3). The transcript reflects the plea was pursuant to plea negotiations and one of the terms of the agreement was a sentence of twenty-five years. Gill pled guilty and accepted the statement of facts read by the prosecutor. *Id.* at PageID 272-75. He understood that a plea of guilty was an admission of guilt. *Id.* at PageID 274. The only question Gill had was how long it would take to get him sent to the place of incarceration. *Id.* at PageID 295. There are no protestations of innocence whatsoever.

Gill argues that there is no time limit under Ohio law for filing a motion to withdraw a guilty plea and the State never claimed time as an issue, but only lack of jurisdiction (Objections, Doc. No. 23, PageID 347).

The Return of Writ shows Gill's motion to withdraw his guilty plea under Ohio R. Crim. P. 32.1 was filed September 19, 2011 (Doc. No. 10-1, PageID 101-07). The Return does not reflect any filing in response by the Hamilton County Prosecutor. Instead, the trial judge denied the motion on October 11, 2011, holding that "Gill's appeal divested this Court of jurisdiction over Gill's case except to act in aid of the appeal. Because the court of appeals did not remand the case, this Court did not regain jurisdiction." (Entry, Doc. No. 10-1, PageID 108.) Gill did not appeal immediately, but the First District Court of Appeals allowed him to file a delayed appeal (Entry, Doc. No. 10-1, PageID 117). However, that court also concluded the Court of Common Pleas lacked jurisdiction to consider the motion to withdraw. It held:

> The common pleas court had no jurisdiction to vacate Gill's guilty
> pleas after we had, in his direct appeal, affirmed the convictions

2

> based upon those pleas. See *State ex rel. Special Prosecutors u. Judges,* 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). *Accord State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, 61-62; *State v. Akemon*, 1st Dist. No. C-080443, 2009·0hio-3728. Thus, Gill's Crim.R. 32.1 motion was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify[1] the judgment appealed from to reflect a dismissal of the motion. And we affirm the judgment as modified.

*State v. Gill,* Case No. C-1201142 (Ohio App. 1st Dist. Dec. 12, 2012)(unreported, copy at Return of Writ, Doc. No. 10-1, PageID 145-46.) Thus Gill is correct that his motion to withdraw was not denied because it was untimely, but dismissed because the trial judge no longer had jurisdiction to consider it on the merits.

Gill objects to the finding in the Report that he did not appeal to the Ohio Supreme Court on direct review, noting his Notice of Appeal of January 22, 2013, to that court (Return of Writ, Doc. No. 10-1, PageID 147). That was not, however, an appeal on direct review, but an appeal from denial of the motion to withdraw.

Gill argues as if somehow his filing this appeal to the Ohio Supreme Court cures his failure to appeal on direct review, citing *Teague v. Lane*, 489 U.S. 288 (1989), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Neither of those cases is helpful to him. *Teague* determines when decisions of the United States Supreme Court are to be applied retroactively; *O'Sullivan* holds that an issue omitted from an appeal to a state supreme court is deemed procedurally defaulted. Neither case provides an exception to the statute of limitations.

Gill complains that "timeliness only applies if it is raised by the state which never happen[ed]." (Objections, Doc. No. 23, PageID 348.) That assertion is incorrect on two grounds. First of all, the Supreme Court has held that the bar of the statute of limitations can be

---

[1] Judge Kubicki had "denied" the motion to withdraw. Technically, since he did not have jurisdiction, he should have "dismissed" the motion. That is the meaning of the court of appeals' modification of the Common Pleas judgment.

raised by a habeas court *sua sponte*. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). Secondly, the State did raise timeliness as an issue. The Return of Writ seeks dismissal on timeliness grounds and argues the question at great length (Return, Doc. No. 10, PageID 35-41).

In accordance with the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 22, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).