UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WESLEY GILL,

        Petitioner,

   v.

WARDEN, Southern Ohio Correctional Facility,

        Respondent.

CASE NO.: 1:13-cv-578

Barrett, J.
Merz, M.J.

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 15), Petitioner Wesley Gill's *pro se* objections (Doc. 23), the Supplemental Report and Recommendation of the Magistrate Judge (Doc. 26), Petitioner Wesley Gill's *pro se* supplemental objections (Doc. 27), and Respondent Warden's response to Petitioner Wesley Gill's supplemental objections (Doc. 28).

**I.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. ANALYSIS

In both the Report and Recommendation and the Supplemental Report and Recommendation the Magistrate Judge recommended dismissing the Petition brought under 28 U.S.C. § 2254 as barred by the statute of limitations in 28 U.S.C. § 2244(d)(1). Petitioner's objections do not refute the Magistrate Judge's initial findings or his supplemental findings.

Section 2244(d) provides:

(1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1)(B)-(D) are not applicable to the present case because Petitioner's habeas claims and objections do not allege a State-created impediment, a newly recognized constitutional right, or a new or otherwise unknown factual predicate. His statute of limitations thus must be calculated under Section 2244(d)(1)(A).

As the Magistrate Judge correctly determined, Petitioner's judgment of conviction became final on January 26, 2009, which was the day Petitioner's deadline for filing a direct appeal to the Ohio Supreme Court expired. *Keeling v. Warden*, *Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012). Thus, Gill's filing deadline for his Section 2254 habeas petition was January 27, 2010, which was one year after his state conviction became final.

While a properly filed application for State post-conviction or other collateral review may toll an unexpired statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), it may not revive the statute of limitations once it has expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). In this instance, Petitioner filed nothing in the Ohio courts collaterally attacking the judgment until September 19, 2011, which was more than one and one-half years after the statute of limitations already had expired. Therefore, the statute of limitations could not have been tolled as a result of those filings.

Petitioner did not file his Petition in this Court until August 21, 2013, which was more than three and one-half years after the statute of limitations expired. Nothing in Petitioner's objections establishes otherwise.

In rare instances, the AEDPA statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 635 (2010). A petitioner is entitled to equitable tolling only if he shows that (1) he has been diligently pursuing his rights and (2) extraordinary circumstances prevented him from timely filing his petition. *Holland*, 560 U.S. at 649; *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011). Here, Petitioner has demonstrated neither diligence nor extraordinary circumstances.

Petitioner argues that a guilty plea can be withdrawn after sentencing. Even so, Petitioner still waited until more than three years had passed since he pled guilty to collaterally attack his

guilty plea in the State court, at which time the Section 2244(d)(1)(A) statute of limitations already was expired by more than one and one-half years.

Petitioner also appears to argue in his supplemental objections that his failure to file an appeal to the Ohio Supreme Court on direct review should be excused. Petitioner's argument, however, addresses the issue of exhaustion of state court remedies, which is a concept separate and distinct from the Section 2244(d)(1)(A) statute of limitations. Regardless of whether Petitioner's claims on direct review were properly exhausted, he still failed to file his Section 2254 Petition within the one-year statute of limitations, as explained above. To the extent Petitioner also argues in his supplemental objections, as he did in his original objections, that somehow the later filing of his Notice of Appeal of January 22, 2013 to the Ohio Supreme Court after a delayed appeal cured his failure to appeal on direct review, that argument was correctly rejected by the Magistrate Judge in the Supplemental Report and Recommendation.

Finally, Petitioner again acknowledges that he pled guilty on March 11, 2008 and requests the undersigned to review his protestations of innocence at sentencing. While an "actual innocence" exception exists to the Section 2244 statute of limitations, the exception is applicable only when the habeas petitioner can demonstrate "'it is more likely than not that no reasonable juror would have convicted'" the petitioner. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (U.S. 2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is demanding and is rarely satisfied. *Id.* The exception requires new evidence that demonstrates factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 1998). Here, as the Magistrate Judge correctly explained, the Transcript of the guilty plea proceedings was filed with the Return of Writ, and it reflects "no protestations of innocence whatsoever." (Doc. 26, PageId 353) (citing Doc. 10-3, PageId 272-75, 295). While Petitioner

4

submits a sworn affidavit that he informed the State court judge of his innocence and the reason for accepting the plea deal, he has submitted no new evidence concerning the actual facts of the underlying case to meet the high threshold for applying the actual innocence exception here.

Accordingly, the undersigned concludes that the Petition is barred by the statute of limitations set forth in Section 2244(d)(1)(A).

### III.   CONCLUSION

Consistent with the foregoing, Petitioner's Objections (Docs. 23, 27) are **OVERRULED** and the Report and Recommendation (Doc. 15) and the Supplemental Report and Recommendation (Doc. 26) are **ADOPTED**.  Accordingly, it is **ORDERED** that:

1. The Petition (Doc. 1) is DISMISSED with prejudice as barred by the statute of limitations.
2. Because reasonable jurists would not disagree with this conclusion, Petitioner is DENIED a certificate of appealability and the Court CERTIFIES that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

s/Michael R. Barrett<br>
JUDGE MICHAEL R. BARRETT<br>
UNITED STATES DISTRICT JUDGE